Vacated by Supreme Court, January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5230

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYNISA DOVON RANDOLPH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (CR-05-20)

Submitted:  May 26, 2006          Decided:  June 14, 2006

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, David E. Godwin, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tynisa Dovon Randolph pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a), (b)(1)(C) (2000). She received a 121-month sentence. On appeal, she argues that the district court erred in not giving her a two-level reduction for her role as a "minor participant," and in ruling that it lacked the authority to use a ratio other than the 100:1 ratio established by Congress in calculating the advisory guideline range for a cocaine base offense. We affirm.

Randolph first argues that the court erred in denying her a reduction based on her role as a "minor participant" pursuant to U.S. Sentencing Guidelines Manual § 3B1.2(b) (2004). The standard of review for factual determinations, such as whether the appellant's conduct warrants a minor-role sentencing reduction, is clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). A defendant who is only a "minor participant" in a criminal activity may have his offense level reduced by two levels. USSG § 3B1.2(b). This applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5). We find that the district court's refusal to grant Randolph a two-level reduction for being a "minor participant" was not clear error.

Randolph also claims that the court erred in ruling that it lacked authority to use a ratio other than the 100:1 ratio

established by Congress in calculating the advisory guideline range for a cocaine base offense.  Randolph's argument is foreclosed by Circuit precedent.  <u>See</u> <u>United States v. Eura</u>, 440 F.3d 625, 633-34 (4th Cir. 2006) (holding that, after <u>United States v. Booker</u>, 543 U.S. 220 (2005), a sentencing court cannot vary from advisory sentencing range by substituting its own crack cocaine/powder cocaine ratio for the 100-to-1 ratio established by Congress); <u>United States v. Burgos</u>, 94 F.3d 849, 876 (4th Cir. 1996) (en banc) (upholding validity of 100-to-1 sentencing disparity).

Accordingly, we affirm Randolph's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>