**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5230**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYNISA DOVON RANDOLPH,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 06-6445)

Submitted: April 16, 2008                    Decided:  May 1, 2008

Before WILLIAMS, Chief Judge, and KING and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, David E. Godwin, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tynisa Dovon Randolph pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000). At sentencing, Randolph requested a variance from the sentencing guidelines based on the 100:1 disparity between sentences for crack cocaine and cocaine powder offenses. The district court believed it was constrained to defer to the guidelines and sentenced Randolph to the low end of the properly calculated guidelines range of imprisonment. On appeal, we affirmed her sentence, noting her challenge to the sentencing disparity was foreclosed by United States v. Eura, 440 F.3d 625 (4th Cir. 2006) (holding that 100:1 ratio could not be used as basis for variance), vacated, 128 S. Ct. 853 (2008). See United States v. Randolph, 185 F. App'x 225 (4th Cir. 2006) (No. 05-5230). On January 7, 2008, the Supreme Court granted Randolph's petition for writ of certiorari, vacated this court's judgment, and remanded the case for further consideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). See Randolph v. United States, 128 S. Ct. 854 (2008).

In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Kimbrough, 128 S. Ct. at 575.

Kimbrough has thus abrogated Eura.  Although this court has held that a sentence within a correctly calculated advisory guideline range is presumptively reasonable, see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence), in this case, the district court did not have the benefit of Kimbrough when it determined Randolph's sentence.

To give the district court the opportunity to reconsider the sentence in light of Kimbrough, we vacate Randolph's sentence and remand the case for resentencing.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*]On remand, the amended Guidelines for crack cocaine offenses, effective November 1, 2007, will apply.